## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ONTEL PRODUCTS CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EHT LLC,**<br><br>Defendant. | Case No.: 1:24-cv-20609 |

### COMPLAINT FOR DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF PATENT AND INVALIDITY OF PATENT

Plaintiff Ontel Products Corporation ("Ontel" or "Plaintiff"), a corporation organized under the laws of the State of New Jersey, by and through its attorneys of record, Dickinson Wright PLLC, hereby files its Complaint against EHT LLC ("EHT" or "Defendant"), a limited liability company organized under the laws of the State of Florida, for declaratory judgment of non-infringement of patent and invalidity of patent. In support thereof, Ontel states and alleges as follows:

### NATURE OF THE CASE

1. This is declaratory judgment action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, for non-infringement by Ontel of U.S. Patent No. 11,399,705, allegedly invented by Elimelech Packouz ("Mr. Packouz") and Ralf Raud, entitled "APPARATUS FOR DENTAL IRRIGATION," issued on August 2, 2022 (the "'705 Patent" attached as **Exhibit A**), including at least claim 55, and invalidity of the same.

## THE '705 PATENT

2. On August 2, 2022, the United States Patent and Trademark Office erroneously issued the '705 Patent to EHT.

## THE PARTIES

3. Plaintiff Ontel is a corporation organized under the laws of the State of New Jersey, having a principal place of business at 21 Law Drive, Fairfield, New Jersey 07004.

4. Upon information and belief, Defendant EHT is a limited liability company organized under the laws of the State of Florida, having a principal place of business at 20200 West Dixie Highway, Suite 902, Aventura, Florida 33180.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Personal jurisdiction is proper in this Court. This Court has personal jurisdiction over Defendant EHT because EHT is organized under the laws of the State of Florida and has a principal place of business in this district at 20200 West Dixie Highway, Suite 902, Aventura, Florida 33180. EHT directs its activities towards and avails itself of the privileges offered by the State of Florida, and more particularly the Southern District of Florida. Upon information and belief, EHT conducts all of its business from its headquarters in the Southern District of Florida and ships its products to consumers in the United States and worldwide from within this jurisdiction.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), 1391(c), and 1400(b), as a substantial part of the events giving rise to the claims occurred in this judicial district (*i.e.*, soliciting fundraising contributions from its headquarters in this district; engaging in

e-commerce from this district and accessible within this district; shipping products from this district to purchasers in this district and worldwide; sending a Notice of Infringement to Ontel from this district; sending an Amazon Notice from this district), as described in further detail below.

**FACTS COMMON TO ALL COUNTS FOR RELIEF**

EHT's Instafloss Product

8. EHT markets and sells products allegedly practicing one or more claims of the '705 Patent under the brand name "Instafloss" online via its website located at <www.instafloss.com> (the "Instafloss Website").[1]

9. In June 2020, EHT and/or its predecessors-in-interest crowd-sourced fundraising for the Instafloss product on kickstarter.com.[2] The Instafloss Kickstarter solicited contributions from all states within the U.S., including Florida.

10. EHT publishes a Shipping policy on the Instafloss Website wherein EHT alleges it offers "free shipping to the United States and Puerto Rico," and "for international orders above $100 USD, shipping is $30 USD to Canada and $60 USD to the rest of the world. For international orders below $100 USD, shipping is $15 USD globally."[3] Therefore, on information and belief, EHT engages in e-commerce by and through the Instafloss Website to sell and ship the Instafloss product anywhere in the world, including the State of Florida.

---

[1] The footer of the Instafloss Website is marked with a hyperlink displaying the text "Instafloss patent: 11,399,705." The hyperlink points to the United States Patent and Trademark Office's ("USPTO") pre-grant publication of the application which later issued as the '705 Patent - https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/20220378562.
[2] *See*, https://www.kickstarter.com/projects/instafloss/instafloss-say-bye-to-painful-time-consuming-flossing/description.
[3] *See*, www.instafloss.com/policies/shipping-policy.

11. On information and belief, the Instafloss Website was created in Florida, specifically, the Southern District of Florida.

12. The Instafloss Website is accessible from Florida, specifically, the Southern District of Florida.

13. On information and belief, Instafloss has sold and shipped one or more products to customers in Florida, specifically, the Southern District of Florida.

EHT's Infringement Allegations

14. On January 17, 2024, Ontel received an email with the subject line "Notice of infringement + Cease and desist" (the "Notice of Infringement," attached as **Exhibit B**) from Mr. Packouz, the CEO, co-founder, and registered agent of EHT. By and through the Notice of Infringement, EHT directly alleges that Ontel's product, "the Ontel Miracle Smile, infringes on patents held by EHT LLC, and is at least in violation of claim 55 on US Patent No. 11, 399, 705 (see attached)." A true and correct copy of the "Instafloss claim chart" attached to the Notice of Infringement is attached hereto as **Exhibit C**.

15. On January 30, 2024, Ontel received an email from the online marketplace Amazon – one of the channels utilized by Ontel to sell its Miracle Smile™ product – notifying Ontel that Amazon "received a report from a patent owner who believes the [Miracle Smile™] infringe[s] their U.S. Patent No. 11,399,705" (the "Amazon Notice", attached as **Exhibit D**).

16. The Amazon Notice provides contact information for EHT as the patent owner that filed the report against the Miracle Smile™. *See*, Ex. D.

17. The Amazon Notice provides Ontel "two choices" if Ontel wishes "to continue selling the [Miracle Smile™]." *Id*. The first choice is for Ontel to resolve the claim with the patent owner directly within three weeks (*i.e.*, February 20, 2024). *Id*. The options for direct resolution

4

require: 1) the patent owner to submit a retraction of the Amazon Notice to Amazon; or 2) Ontel to "resolve the claim with the patent owner in a federal district court case." *Id*. The Amazon Notice requests that "if [Ontel] file[s] a lawsuit against [EHT] for declaratory judgment of non-infringement of the asserted patent, please provide [Amazon] with a copy of the relevant complaint within the next three weeks, and [Ontel] may continue selling the [Miracle Smile™] while the lawsuit proceeds. *Id*.

18. The second choice is for Ontel to participate in a "neutral evaluation of [EHT's] claim, however, "participation in the evaluation process does not guarantee that [Ontel] will be able to continue to sell the [Miracle Smile™] following the evaluation." *Id*.

19. The Amazon Notice provides that should Ontel fail to resolve its claim with EHT directly, or choose not to participate in the "neutral evaluation process," Amazon will remove the Miracle Smile™ from its platform. *Id*.

20. On February 13, 2024, counsel for Ontel met and conferred with EHT in an attempt to resolve the dispute related to EHT's allegations that the Ontel Miracle Smile™ infringes claim 55 of the '705 Patent, however, no agreement was reached and the dispute remains unresolved.

21. As a result of receiving the Notice of Infringement and the Amazon Notice, the direct allegations of patent infringement made therein, and Ontel's subsequent failed attempt to resolve the dispute with EHT without court intervention, a justiciable controversy exists between Ontel and EHT concerning the alleged infringement and validity of the '705 Patent.

ONTEL AND THE MIRACLE SMILE™

22. Ontel is a manufacturer and seller of consumer products with the simple mission of making products that people want, and that make their lives more enjoyable. On or around September 2023, Ontel began selling the Miracle Smile™ via Ontel owned websites that include

www.buymiraclesmile.com, www.getmiraclesmile.com, www.trymiraclesmile.com, www.miraclesmile.com, and www.miraclesmiletips.com, and to third-party retailers located within the United States including but not limited to Walmart Inc., Boscov's, Rite Aid Corp., Walgreens, T.J. Maxx, ACE Hardware Corp., www.amazon.com, and www.walmart.com. At no time has the Miracle Smile™ been made, used, sold, offered for sale, or imported into the United States, in a manner comprising all of the limitations set forth by the claims of the '705 Patent, including claim 55, and therefore, the Miracle Smile™ does not infringe any claim of the '705 Patent.

**FIRST CLAIM FOR RELIEF AGAINST EHT**
**(Declaratory Judgment of Invalidity of Claim 55 of U.S. Patent No. 11,399,705)**

23. Ontel incorporates by reference Paragraphs 1-22 as if fully set forth herein.

24. The '705 Patent, including claim 55, is invalid for failure to comply with the conditions and requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

25. More specifically and without limitation, the claims of the '705 Patent, including claim 55, are invalid as "obvious" pursuant to 35 U.S.C. § 103 based upon prior art including, but not necessarily limited to, dental irrigation manifolds projecting fluid onto a user's teeth and between a user's teeth and gum-line.

26. For example, and without limitation, upon information and belief, at least claim 55 of the '705 Patent is invalid pursuant to 35 U.S.C. §§ 103 based upon at least U.S. Patent No. 5,616,028 ("Hafele"), U.S. Patent No. 4,106,501 ("Ozbey"), and U.S. Patent No. 5,800,367 ("Saxer").

27.     Additionally, the claims of the '705 Patent, including claim 55, are also invalid and/or unenforceable pursuant to 37 C.F.R. 1.29(j) for fraudulently establishing micro entity status and/or paying fees as a micro entity.

28.     For example, and without limitation, upon information and belief, Defendant submitted a certificate establishing micro entity status on February 13, 2019 and has paid fees as a micro entity, including at least an information disclosure statement fee on July 21, 2021 (attached as **Exhibit E**).

29.     Furthermore, without limitation, on July 9, 2020 Defendant represented on its Kickstarter website that Defendant raised 812,272 USD via a Kickstarter campaign (*see* attached **Exhibit F**), which exceeds the maximum qualifying gross income requirement for micro entity status for the 2021 calendar year, per 37 C.F.R. 1.29(a)(3).

30.     Ontel is entitled to a declaratory judgment that at least claim 55 of the '705 Patent is invalid.

**SECOND CLAIM FOR RELIEF AGAINST EHT**
**(Declaratory Judgment of Non-Infringement of Claim 55 of U.S. Patent No. 11,399,705)**

31.     Ontel incorporates by reference Paragraphs 1-27 as if fully set forth herein.

32.     Ontel has not infringed and is not now infringing any claim of the '705 Patent, including claim 55 as asserted by EHT's Notice of Infringement. In particular, Ontel's Miracle Smile™ product does not infringe any claim of the '705 Patent, including at least because the angle of the rotating inlet segment of Ontel's Miracle Smile™ product, relative to a vertical axis of symmetry or a horizontal axis of symmetry, does not impact a property of the fluid flow to the user's teeth as required by claim 55 of the '705 Patent.

33.     Ontel is entitled to a declaratory judgment that it does not infringe at least claim 55 of the '705 Patent.

## PRAYER FOR JUDGMENT

WHEREFORE, Ontel respectfully requests relief as follows:

A.  That EHT takes nothing by way of its Notice of Infringement;

B.  That this case be deemed exceptional pursuant to 35 U.S.C. §285 and Ontel be awarded its costs of suit incurred herein, including attorneys' fees and expenses;

C.  That all claims of the '705 Patent, including claim 55, be held invalid and/or unenforceable;

D.  That Ontel does not infringe and never has infringed the '705 Patent, including claim 55, directly or indirectly; and

E.  For such other and further relief as the Court deems just and proper.

Date: February 16, 2024                    Respectfully submitted,

                                           **DICKINSON WRIGHT PLLC**

                                   By:     /s/ Alan J. Perlman
                                           Alan J. Perlman
                                           Florida Bar No. 826006
                                           350 East Las Olas Boulevard, Suite 1750
                                           Fort Lauderdale, Florida 33301
                                           Direct: (954) 991-5427
                                           Office: (954) 991-5420
                                           Facsimile: (844) 670-6009
                                           aperlman@dickinsonwright.com
                                           *Attorneys for Plaintiff*

John S. Artz (*pro hac forthcoming*)
350 S. Main Street, Ste. 300
Ann Arbor, MI 58104
Telephone: (248) 433-7262
Facsimile: (844) 670-6009
jsartz@dickinsonwright.com

Kevin D. Everage (*pro hac forthcoming*)
3883 Howard Hughes Pkwy, Ste. 800
Las Vegas, NV 89169
Telephone: (702) 550-4426
Facsimile: (844) 670-6009
keverage@dickinsonwright.com